*W. D. Moore*, Esq., for the plaintiff in error.

---

## TREFTS *v.* PITTS *et al.*

A party who claims as a purchaser, for value, without notice, is concluded by one verdict and judgment in an ejectment against him, founded upon an equitable title in the plaintiff.

When the verdict in such ejectment is a general one for the plaintiff, it is competent in the second ejectment to prove by parol evidence that the title upon which the recovery was had, was an equitable one.

**Error to the court of common pleas of Cambria county.**

Opinion delivered November 10, 1873, by

SHARSWOOD, J. The questions which arise upon this record may be resolved into two: First, is a party who claims as a purchaser for value

without notice concluded by one verdict and judgment in an ejectment against him founded upon an equitable title in the plaintiff? And second, when the verdict in such ejectment is a general one for the plaintiff, is it competent in the second ejectment to prove by parol evidence that the evidence that the title, upon which the recovery was made, was an equitable one?

As to the first of these questions it was admitted in the court below, and has not been controverted here, that upon the parol evidence, if it was competent, it was clearly proved that the action of ejectment of April term, 1848, No. 26, in the court below, King *v.* Trefts, was founded upon an equitable title. That the plaintiffs claimed that J. Adam Trefts, had entered into articles to purchase the land with Christian Horner, the legal owner, as their agent or trustee, and had paid their money for it, which would create a resulting trust for them, and which was moreover, evidenced in writing by a declaration or receipt signed by J. Adam Trefts, February 9th, 1846, and that John J. Trefts, the present plaintiff, was a defendant in that suit, and claimed that he was a purchaser of the legal title from Christian Horner, *bona fide* for value and without notice. See Trefts *v.* King, 7 Harris, 157.

That verdict and judgment must be taken to have found for the plaintiff, not only that they were the beneficial holders of the equitable title, but that John J. Trefts was not a purchaser for value *bona fide*, and without notice. It was settled in Seitzinger *v.* Ridgway, 9 Watts 496, that in this State an action of ejectment upon an equitable title is a substitute for and equivalent to a bill in equity, and that the verdict and judgment have all the conclusive effect which the decree of a chancellor would have. It was determined in Peterman *v.* Huling, 7 Casey 432, that this rule includes all equitable titles and that it stands unaltered by any act of the legislature, the resolution of May 5, 1841, having been repealed by the fifth section of the act of April 30, 1850. Now, if the first ejectment had been a bill in equity to enforce the trust against J. Adam Trefts, and John J. Trefts made a party as the holder of the legal title, had put in a plea that he was a purchaser for value *bona fide* and without notice, or had set up such a defence in his answer, and the determination had been against his plea or defence, he would have been decreed to convey, and it certainly could not be pretended that it would not have been conclusive against him if he had afterwards commenced an action of ejectment upon his legal title. It follows necessarily and logically that it must be equally conclusive when under our system the same determination is made against his title in an equitable ejectment. Indeed it appears that in Seitzinger *v.* Ridgway, *supra*, the first action was brought against the assignee of the vendor, who, it was alleged, had notice, at the time they bought, of the contract of purchase. The recovery then was against the vendor, who was held concluded as against the assignee,

and surely if one party is bound the other must also be ; for estoppels must be mutual.    These principles are not affected by either of the cases cited on behalf of the plaintiff in error.    Paul *v.* Oliphant, 2 Harris 342, was decided by this court in 1850, the trial below was in 1848, before the passage of the act of April 30, 1850.    The determination was, therefore, under the resolution of May 5, 1841, as modified by the act of April 21, 1846, which confined the conclusiveness of one verdict and judgment to actions, " to enforce the payment of purchase money wherever time becomes an essence in the finding of the jury."    7 Casey 435.    Taylor *v.* Abbot, 5 Wright 252: decides in effect that a vendee under articles, who has paid the purchase money in full, has, in this State, the legal title, no conveyance being necessary, because we consider that as actually done which a chancellor would decree to be done.    In a very short opinion by Mr. Chief Justice Lowrie, he says : " In such an action no conditional verdict can be required, and therefore nothing like a decree in equity for a specific performance."    It is enough to say that this is not that case. The ejectment was to establish a trust, and the full purchase money had not been paid when the action was commenced, though the payment of the balance of the purchase money into court on the trial rendered a conditional verdict unnecessary.

The second question, whether it was competent to prove by parol evidence that the title upon which the recovery was had in the first ejectment was an equitable one, has been expressly ruled by this court in Meyers *v.* Hill. 10 Wright 9.    Mr. Justice Strong said : " Notwithstanding what has been said in some cases, it is well established, in reason and authority, that where a record is general it may be shown by parol what were the matters in litigation.    The record may be explained, though it cannot be contradicted.    The matters in dispute may be identified." This was applied in that case to the very question now before us, the admission of parol evidence to show that a former recovery in ejectment was upon an equitable title.    The dictum of Mr. Justice Bell, in Paul *v.* Oliphant, 2 Harris 351, is not in conflict.    That case, as we have seen, was under the act of 1846, which required a conditional verdict to give conclusive effect to one verdict and judgment.    Mr. Justice Bell merely says : " To ascertain the character of that judgment, we must look to the record of it alone.    That shows not that it is such a conditional judgment as is contemplated by the statute ; and the omission cannot be aided by parol."

Judgment affirmed.